**UNITED STATES of America,**
**Appellee,**

v.

**Pedro Luis RODRIGUEZ, also known as FNU LNU, also known as Sobrino, also known as Pedro Luis Alberto, Defendant–Appellant.**

**No. 99–1669.**

United States Court of Appeals,
Second Circuit.

Oct. 12, 2001.

Roger L. Stavis, Stavis & Kornfeld, N.Y., NY, for appellant.

Ronnie Abrams, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present Honorable KEARSE, Honorable MINER, Honorable PARKER, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Pedro Luis Rodriguez appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Harold Baer, Jr., *Judge,* convicting him of conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, and sentencing him principally to 108 months' imprisonment, to be followed by five years of supervised release. On appeal, Rodriguez contends that the district court failed to determine, as required by Fed.R.Crim.P. 11(c), that he understood the nature of the charge to which he was pleading guilty. Finding no merit in his contention, we affirm.

Rule 11(c) of the Federal Rules of Criminal Procedure requires the district court, before accepting a plea of guilty, to, *inter alia,* address the defendant personally in open court and to inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered. "In all such inquiries, [m]atters of reality, and not mere ritual, should be controlling." *McCarthy v. United States,* 394 U.S. 459, 468 n. 20, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (internal quotation marks omitted). If the court's inquiry into the defendant's understanding of the charge is flawed, harmless-error analysis is applicable, *see* Fed.R.Crim.P. 11(h) and Advisory Committee Note (1983), and the flaw does not require reversal if the record shows that the defendant understood the nature of the charges, *see, e.g., United States v. Maher,* 108 F.3d 1513, 1521 (2d Cir.1997).

The indictment in the present case charged that Rodriguez and others "unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States," and that in furtherance of the conspiracy, Rodriguez engaged in a telephone conversation about narcotics. The record of the plea allocution before Magistrate Judge Dolinger reveals that, although Rodriguez may have indicated that he did not fully understand the nature of the charge against him initially, he then conferred with his attorney and counsel for the government. Following those conferences, the court again asked for Rodriguez's understanding, and Rodriguez described the charge as follows:

> THE COURT:....
>
> ... Mr. Rodriguez, the question simply was what you understood the indictment charged you with. Just that.
>
> THE DEFENDANT: Of a phone call that I had done or that I had made and having agreed to distribute drugs with other people.

(Hearing Transcript, May 27, 1999 ("Tr."), 7.) This response reveals that Rodriguez understood the nature of the charge. The court thereafter iterated the timing of the

alleged agreement and the type and quantity of narcotics involved, stating, "You understand that the charge in this indictment is that for a period of time starting in June of 1996 you participated in a conspiracy with other individuals with the aim of distributing and possessing with intent to distribute a quantity of narcotics and that the charge includes the statement that the conspiracy involved five kilos and more of cocaine" (Tr. 8), and asked how Rodriguez pleaded to this charge. Rodriguez stated that he pleaded "Guilty." (*Id.*)

Further, Rodriguez's subsequent description of his own conduct sufficed to satisfy the court of his guilt on this charge:

> THE COURT: Did you in fact commit the offense that is charged in the indictment?
>
> THE DEFENDANT: Well, um, yes.
>
> . . . .
>
> THE COURT: . . . . Did you work with other individuals in arranging for narcotics of some sort to be distributed or sold?
>
> THE DEFENDANT: Well, yes.
>
> THE COURT: Did this involve cocaine?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: What was your role?
>
> THE DEFENDANT: . . . I worked on the outside keeping an eye on the drugs and then sometimes I would get sent on an errand like I would go to the laundry or to the bodega, you know what I mean, and I got cell phones and beepers connected. I would get sent to do that.
>
> THE COURT: Were these cell phones and beepers being used to assist in the drug operation?
>
> THE DEFENDANT: Well, yes.

> THE COURT: When you said you were supposed to keep an eye on the drugs, what specifically did that involve?
>
> THE DEFENDANT: Well, it involved cocaine.
>
> THE COURT: What did it involve in terms of what you were doing?
>
> THE DEFENDANT: . . . . Well, I was looking out for the police or something like that.
>
> . . . .
>
> THE COURT: . . . .
>
> Did you know that what you were doing was wrong?
>
> THE DEFENDANT: Well, yes, I knew that what I was doing was wrong. Well, okay. But they had called me because they knew I was out of work, them, Danny Polanco and them. I was out of a job and he told me that he was going to give me a lot of money and I didn't have any experience and I said, okay, because I wasn't working.

(Tr. 13–15.) This record persuades us that, although the court might have done more to explain the charge to Rodriguez, it is clear that Rodriguez understood the nature of the charge, and that any error was harmless.

We have considered all of Rodriguez's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.